By the Court :
Section 9 of the act of 1820, under which the land in question was listed and sold, makes it the duty of the county auditor to call on each resident proprietor of lands within his county, and take a list of all his lands subject to taxation within the county, with a proviso, “that all lands lying within the Yirginia military district, which shall be divided by county lines, so as to leave parts of said tracts in two or more counties, shall be listed by the proprietor, in the county in which he lives.” By section 13, it is made the duty of the auditor, on failure of the proprietor *to furnish a list, to enter the land from the best information in his power. As the land in question was within the Yirginia military district, and divided by a county line, and as Prichard, the proprietor in whose name it was listed, resided in the county of Pickaway, the auditor of Madison was not authorized to enter it on his list. It was made the duty of the proprietor to enter it in the county in which he lived, and on his failure to do so it ought to have been entered by the auditor of Pickaway.
It is evident, therefore, that this land Jms not been entered in conformity with the statute, and that it has been sold by an officer who was not authorized by law to make the sale.
Section 38 provides, that the county auditor, on receiving the delinquent list, shall forthwith cause the same to be advertised six weeks successively, in some newspaper printed at the seat of govern *212 ment in this state, and also in a newspaper printed in his proper county, if any such there be, and if not, in some newspaper in most general circulation in said county.
It is contended by the defendant, that as there was no paper printed in the county of Madison, and as the Columbus paper was in general circulation in that county, it was not necessary to publish the notice in any other. The law does not admit of such construction. The publication must be made in two papers, one printed at Columbus, and the other in the county where the auditor resides, if there be such a paper, and if not, then in some paper (other than the one printed at the seat of government) in most general circulation in his county.
The object of the legislature in both of these provisions is obvious.
The first was intended for the convenience of the resident proprietor, and for the safety of all others concerned.
Instead of dividing the tract, and requiring double entries and payments, they have required it to be entered and paid in one county, and to prevent confusion they have designated which that should be.
For anything that appears, the land may have been entered and the taxes paid in Pickaway. The other provision was designed to extend the notice, as generally as possible, *for the information of owners, and for the purpose of increasing competition at the sale.
The requisitions of the law are substantial and useful, and can not be dispensed with. Tax sales are attended with greater sacrifices to the owners of land than any others. Purchasers at those sales seem to have but little conscience. They calculate on obtaining acres for cents, and it stands them in hand to see that the proceedings have.been strictly regular.
The jury rendered a verdict in conformity with this, opinion, on which judgment was entered. •